In the original opinion rendered in this case, the question of law on which the members of the court have disagreed was not mentioned. The reason why the question was not then referred to was that Mr. Justice ROGERS, and perhaps the Justices who concurred in his opinion, believed that the proposition of law which I discussed in my dissenting opinion, and which Mr. Justice ST. PAUL discussed in his concurring opinion, was not presented for decision in the defendant's motion to quash the affidavit and dismiss the prosecution.
After the rehearing was granted, defendant's attorney filed in this court an assignment of errors, averring specifically that the indictment or affidavit, on which the prosecution was founded, did not set forth a crime under Act 39 of 1921, for the reason which is now so elaborately discussed.
In my humble opinion, the filing of the assignment of errors was an unnecessary formality, because, if the affidavit, taken in connection with the bill of particulars, did not set forth a crime under the terms of the statute, the error was apparent on the face of the record. It is too well settled to admit of discussion that a conviction founded upon an insufficient indictment is a matter which we may take notice of, even though *Page 507 
the defendant did not except to the indictment before entering his plea. In the city courts, a prosecution may be founded upon an affidavit instead of an indictment. We are therefore dealing with the affidavit in this case as if it were a bill of indictment.
Mr. Justice ST. PAUL and Mr. Justice BRUNOT and I were of the opinion originally that the defendant's motion to quash was sufficient to raise the question which we must finally decide. The motion to quash or dismiss the prosecution was only a verbal motion, because the city court is not a court of record. The only record of the motion is in the bill of exceptions reserved to the court's overruling of the motion; and there the ground of the motion is finally stated thus:
 "And the indictment, taken with the bill of particulars, does not allege any crime known to the law."
That allegation was regarded by Mr. Justice ROGERS as having reference only to the point which he discussed; which was, that the defendant was not accused of having the tincture of ginger in his possession for sale for his own account, but was accused of having it for sale in the drug store of which he was alleged to be the manager for the Hub Drug Company, Inc.
The difference of opinion which we have had on that score, however, has lost its importance now that we all agree that our decision must turn upon the question whether the affidavit in this case was sufficient, without the allegation that the medicated liquid which the defendant was accused of having in his possession, as manager for the Hub Drug Company, Inc., was fit for use as a beverage or for intoxicating beverage purposes.
The accusation, as specified in the bill of particulars, was that the defendant had had in his possession, for sale for beverage purposes, in the drug store which he managed for the Hub Drug Company, Inc., intoxicating *Page 508 
liquor, consisting of three small bottles of tincture of ginger, containing more than one-half of 1 per cent. of alcohol. Tincture of ginger, as we know, is a medicated liquid that belongs in the drug stores; and it is not a crime to sell it unless it is — quoting the statute — "fit for use as a beverage or for intoxicating beverage purposes."
According to section 8 of the Act 39 of 1921, there are three distinct classes of intoxicating liquors which the statute declares shall not be manufactured, or sold, or possessed for sale, as a beverage, viz.: (1) Alcohol, whisky, brandy, rum, gin, beer, ale, porter, and wine; and (2) any spirituous, vinous, malt or fermented liquor or liquids, by whatever name called, as defined by federal legislation; and (3) all alcoholic liquids, either medicated, proprietary or patented, which are fit for use as a beverage or for intoxicating beverage purposes, all as defined by federal legislation.
I understand that the expression in the statute, "as defined by federal legislation," means "containing one-half of 1 per cent. or more of alcohol by volume"; because, the Volstead Act § 1 (U.S. Comp. St. Ann. Supp. 1923, § 10138 1/2) gives substantially the same definition of that class of intoxicating liquors, viz., "any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of 1 per centum or more of alcohol by volume, which are fit for use for beverage purposes."
By the Act 57 of 1924, section 8 of the Act 39 of 1921 was amended by substituting for the expression, "as defined by federal legislation," the language of the Volstead Act itself, viz.:
 "Alcohol, whisky, brandy, rum, gin, beer, ale, porter, wine, and any spirituous, vinous, malt, or fermented liquor, liquids and compounds by whatever name called, and all alcoholic liquids either medicated, proprietary or patented, containing one-half of 1 per centum or more of alcohol by volume, which arefit for use as a *Page 509 beverage or for intoxicating beverage purposes."
I have underscored the last clause in the language quoted merely to emphasize how the Legislature has sedulously adhered to the language of the Volstead Act, in defining or qualifying those patented, proprietary or medicated liquids which are outlawed, for containing one-half of 1 per cent. or more of alcohol by volume, and for being "fit for use as a beverage or for intoxicating beverage purposes."
The Act 57 of 1924 was enacted while this prosecution was pending in this court. The amendment of the law, therefore, does not apply to this case. I cite the amendment merely to show how carefully the Legislature, like the Congress in enacting the Volstead Law, has avoided making it a crime for a druggist to sell, or have for sale, a patented or proprietary or medicated liquid containing one-half of 1 per cent or more of alcohol, unless that liquid is "fit for use as a beverage or for intoxicating beverage purposes."
In the opinion submitted by Mr. Justice ST. PAUL for our consideration, on rehearing, it is conceded that the defendant in this case could not have been convicted legally without proof that the tincture of ginger which he was accused of having had in his possession was "fit for use as a beverage or for intoxicating beverage purposes."
I respectfully submit that, inasmuch as the defendant could not have been convicted legally without the proof that the tincture of ginger was fit for use as a beverage or for intoxicating beverage purposes, he was not indicted legally, without the allegation that the tincture of ginger was fit for use as a beverage or for intoxicating beverage purposes. That is the qualifying language *Page 510 
of the statute, and the best evidence that the language was used advisedly lies in the fact that the same language was used in all three acts; that is, in the Volstead Act, in the Hood Law, or Act of 1921, and in the amending act of 1924.
It is said in the opinion submitted by Mr. Justice ST. PAUL:
 "Since tincture of ginger is neither alcohol, whisky, brandy, rum, gin, beer, ale, porter, nor wine, but is amedicated alcoholic liquid, it follows that the state thereby charged that it came within that other, and above mentioned, definition in the statute."
I agree that it is manifest that the state intended to charge
that the tincture of ginger was of that class of intoxicating liquors which are outlawed because they are fit for use as a beverage or for intoxicating beverage purposes. But the fact remains that the state did not charge that the tincture of ginger was fit for use as a beverage or for intoxicating beverage purposes.
The principle of law on which this decision should turn is that, in an indictment for a statutory offense, every condition which the statute prescribes in making the act an offense must be alleged. Whatever the statute requires to be proven for a valid conviction must be alleged in the indictment. See the numerous cases cited in Marr's Criminal Jurisprudence (2d Ed.), pp. 484, 485.
It was for that reason, and on that principle, that we decided that an indictment for manufacturing or possessing or selling intoxicating liquors — even such as are used generally if not only for beverage purposes — was not a valid indictment if it did not contain the allegation that the manufacture, or possession, or sale, was "for beverage purposes." The reason for the ruling was that that was the qualifying language of the statute. *Page 511